**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | **CASE NO.1:09CV2712** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **THE DEBT ADVOCACY CENTER,** | ) | **ORDER** |
| **LLC, ET AL.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

 This case is set for a settlement conference on August 29, 2011.  On August 24, 2010, the

Court set a Case Management Order (ECF # 96), which contained the Court's Standing Order for

Settlement Conferences.  That Order expressly states "Parties with ultimate settlement authority

must be personally present."  It further states, "having a client with authority available by

telephone is NOT an acceptable alternative."  The Court's Case Management Order reiterates

that personal attendance of all parties with full settlement authority is required. (CMC Order

¶15).  Motions to excuse attendance at the settlement conference must be filed no later than

seven days prior to the scheduled settlement conference. *Id.*

 However, in light of the representations by Plaintiff and defense counsel, numerous

Defendants have reached a settlement with Plaintiff pending final approval by Plaintiff's Board. Therefore, the Court will not require the attendance of any Defendants who have reached a settlement with Plaintiff pending approval of the Board.  Attendance by counsel for these Defendants at the settlement conference is optional.  Plaintiff and Defendants who have not reached a settlement with Plaintiff are required to attend the conference in person as are the non-settling Defendants' counsel.

IT IS SO ORDERED.


 S:/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge